UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TODD MORGAN** | * | |
| | * | |
| **VERSUS** | * | **Case No. _____** |
| | * | |
| **TARA FOTO, LOUISIANA** | * | |
| **CHILDREN'S MEDICAL CENTER** | * | |
| **d/b/a LCMC HEALTH, and** | * | |
| **CHILDREN'S HOSPITAL** | * | |
| **ANESTHESIA CORP. d/b/a LCMC** | * | |
| **ANESTHESIA CORP.** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## <u>NOTICE OF REMOVAL</u>

**NOW INTO COURT**, through undersigned counsel, come defendants Tara Foto, Louisiana Children's Medical Center d/b/a LCMC Health, and Children's Hospital Anesthesia Corp. d/b/a LCMC Anesthesia Corp., who file this Notice of Removal pursuant to 28 U.S.C. § 1442(a) and hereby give notice of removal of this action from the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, to the United States District Court for the Eastern District of Louisiana. As grounds for removal, Defendants state as follows:

1.

On December 4, 2019, a Petition for Damages was filed by plaintiff, Todd Morgan, in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, styled *"Todd Morgan v. Tara Foto, Louisiana Children's Medical Center d/b/a LCMC Health, and Children's Hospital Anesthesia Corp. d/b/a LCMC Anesthesia Corp."* and bearing Docket Number 801-977, Division "I."

2.

On December 12, 2019, defendant Tara Foto ("Foto") was served with a copy of the Citation and Petition for Damages. On December 13, 2019, defendants Louisiana Children's Medical Center d/b/a LCMC Health ("LCMC Health") and Children's Hospital Anesthesia Corp. d/b/a LCMC Anesthesia Corp. ("LCMC Anesthesia") were served with copies of the Citation and Petition for Damages.

3.

A certified copy of the Citation and Petition for Damages, which constitute all pleadings served upon defendants in this matter, is attached hereto as Exhibit A.

4.

This action is properly removed to this Honorable Court pursuant to the Federal Officer Removal Statute, 28 U.S.C. § 1442(a) ("Section 1442") since plaintiff's claims against defendants LCMC Health and LCMC Anesthesia are asserted against persons

acting under color of authority of a federal officer, agency or department. Pursuant to 28 U.S.C. § 1367, this Court has the authority to exercise supplemental jurisdiction over all remaining state law claims against the other defendant, Foto, since all such claims arise out of a common nucleus of operative facts.

5.

In the Petition for Damages, plaintiff alleges, *inter alia*, that LCMC Anesthesia breached an implied contract of employment with him by conducting an investigation into a patient's complaint of inappropriate and potentially discriminatory conduct during a medical operation, which conduct the patient attributed partially to plaintiff, and by terminating plaintiff based on the determination that he provided false information during the investigation in violation of LCMC Health policy. *See* Exhibit A, Petition for Damages at ¶¶ X-XIV, LXXXIV-XCII.

6.

The Federal Officer Removal Statute provides as follows:

> A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending . . . (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office[.]

3

28 U.S.C. § 1442(a).

7.

Citing to Supreme Court jurisprudence, the Eastern District of Louisiana holds that "[u]nlike the general removal statute, . . . the federal officer removal statute must be liberally construed." *Parish of Plaquemines v. Riverwood Production Co.*, No. 18-5217, 2019 WL 227118, at *3 (E.D. La. May 28, 2019) (citing *Watson v. Philip Morris Co., Inc.*, 551 U.S. 142, 147 (2007)); *see also City of Walker v. Louisiana*, 877 F.3d 563, 569 (5th Cir. 2017) ("federal officer removal under 28 U.S.C. § 1442 is unlike other removal doctrines; it is not narrow or limited."). Accordingly, the words "acting under" in Section 1442(a)(1) are to be given a broad interpretation, and the determination of whether federal officer removal jurisdiction lies must be made without any assumptions or inferences being made in favor of remand. *See Savoie v. Huntington Ingalls, Inc.*, 817 F.3d 457, 462 (5th Cir. 2016) (stating that courts must examine the propriety of removal "without a thumb on the remand side of the scale.").

8.

To establish removal under Section 1442(a)(1), the removing party must show that: (1) it is a "person" within the meaning of Section 1442(a)(1); (2) it has a colorable federal defense to the plaintiff's claims; (3) it acted pursuant to a federal officer's directions; and (4) a causal nexus exists between the plaintiff's claims and the

4

defendant's actions taken under color of federal authority. *City of Walker v. State of La. Through Dep't of Transp. & Dev.*, 877 F.3d 563, 569 (5th Cir. 2017) (citing *Zeringue v. Crane Co.*, 846 F.3d 785, 789 (5th Cir. 2017).

9.

Section 1442(a)(1) was amended in 2011 to replace the phrase "for any act under color of such office" with "for *or relating to* any act under color of such office[.]" 28 U.S.C. § 1442(a)(1) (emphasis added). The Fifth Circuit has recently opined that this amendment resulted in elimination of the "causal nexus" requirement and further "broaden[ed] the basis for removal to federal court of claims brought against officers or agents of the federal government and those working under its direction[.]" *Latiolais v. Huntington Ingalls, Inc.*, 918 F.3d 406 (5th Cir. 2019). However, in other post-2011 opinions, the Fifth Circuit has continued to apply the traditional causal nexus test, leading to a dichotomy in the jurisprudence as to which test is appropriate. *See, e.g., Bartel v. Alcoa S.S. Co., Inc.*, 805 F.3d 169, 172 (5th Cir. 2015). Here, regardless of which test is applied, federal officer removal is proper since defendants can demonstrate a causal nexus between their actions taken pursuant to federal direction and plaintiff's claims that those same actions breached an employment contract and caused him damages.

10.

Federal officer removal applies where entities such as LCMC Health and LCMC Anesthesia act pursuant to its obligations under a contract with an officer or agency of the United States government, and those actions give rise to the plaintiff's claims in a pending state court action. *See Savoie*, 817 F.3d at 465-66 (holding that survival actions against manufacturer of vessels containing asbestos, which were produced according to governmental agreements and specifications, gave rise to federal officer removal).

11.

In *Savoie*, the Fifth Circuit determined that the defendant demonstrated that its actions were taken pursuant to direction from the federal government and there was a causal nexus to the plaintiff's wrongful death claims). *Id.* The Fifth Circuit directed the district court to determine whether the defendant had articulated a colorable federal defense to the claims, and the district court held in a subsequent opinion that the defendant's reliance on the contract-related defense was sufficient and denied the plaintiff's motion to remand. *Savoie v. Pennsylvania Gen. Ins. Co.*, No. 15-1220, 2017 WL 2391264, at *5-6 (E.D. La. June 2, 2017). Notably, the district court relied on Supreme Court and Fifth Circuit precedent in holding that, in order satisfy the Section 1442(a) removal standard, "the removing party only needs to present a colorable defense" that such defense "does not need to be clearly sustainable[,]" and that the defendant's entitlement to the defense "may be subject to reasonable debate." *Id.* at *6 (citing

6

*Jefferson Cty., Ala. v. Acker*, 527 U.S. 423, 431 (1999); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 n.10 (2006); *Crutchfield v. Sewerage & Water Bd. Of New Orleans,*, 829 F.3d 370, 375 (5th Cir. 2016); *Zeringue*, 846 F.3d at 789).

12.

As in *Savoie*, the defendants satisfy each of the four factors considered by the Fifth Circuit for federal officer removal.

13.

The first factor is whether the removing party is a "person" within the meaning of Section 1442(a)(1). *Zeringue*, 846 F.3d at 789. Foto, LCMC Health, and LCMC Anesthesia are all "persons" within the meaning of Section 1442(a)(1) since Foto is a natural person and LCMC Health and LCMC Anesthesia are Louisiana non-profit corporations. *See Savoie*, 817 F.3d at 461 ("the Supreme Court has long recognized that the removal statute also applies to private persons and corporate entities 'who lawfully assist the federal officer in the performance of his official duty.'") (quoting *Watson*, 551 U.S. at 151) (internal quotations omitted).

14.

The second factor for federal officer removal is whether the removing party has a "colorable federal defense" to the plaintiff's claims. As the Fifth Circuit and the Eastern District explained in *Savoie*, this factor is met as long as the defendants articulate a

7

plausible defense recognized under federal law. *Savoie*, 2017 WL 2391264, at *5-6. Here, defendants have federal defenses to plaintiff's claims of breach of contract, including, but not limited to, the defense which "provides immunity to contractors for conduct that complies with the specifications of a federal contract." *Id.* (quoting *Crutchfield*, 829 F.3d at 375).

15.

Foto, LCMC Health and LCMC Anesthesia are not liable to plaintiff for the alleged breach of contract since their actions that allegedly breached a contract were taken pursuant to mandatory obligations in their existing federal agreements, requiring reasonable measures to investigate and prevent discrimination by employees against patients based on race, color, religion, national origin, gender, and other protected categories. These non-discrimination requirements derive directly from federal laws, including Section 1557 of the Patient Protection and Affordable Care Act and Title VI of the Civil Rights Act of 1964, which apply to defendants and their related healthcare entities. *See* 42 U.S.C. § 18116(a); 42 U.S.C. §§ 2000d, 2000d-4a.

16.

The third factor for federal officer removal is whether the removing party acted pursuant to a federal officer's direction. *Zeringue*, 846 F.3d at 789. This factor is satisfied because LCMC Health and LCMC Anesthesia were obligated under federal government

NO\15951\55478\280441.v1-1/10/20

contracts to take reasonable measures to investigate and prevent discrimination against patients based on race, color, national origin or gender as required by Title VI and the Affordable Care Act. LCMC Health and LCMC Anesthesia terminated plaintiff's employment based on the findings and conclusions of an investigation of a complaint by a female African-American patient alleging inappropriate conduct by plaintiff during a medical procedure. The investigation was conducted pursuant to those contractual obligations placed on LCMC Health and LCMC Anesthesia by the federal government, and therefore they were clearly acting under federal direction.

17.

The fourth factor for federal officer removal is whether a causal nexus exists between the plaintiff's claims and the defendant's actions taken under color of federal authority. *Zeringue*, 846 F.3d at 789. Plaintiff alleges that the investigation into the patient complaint violated an employment contract between him and LCMC Health and LCMC Anesthesia. The investigation was conducted in accordance with LCMC Health's and LCMC Anesthesia's federal contracts, as well as the legal requirements of Title VI and the Affordable Care Act, including examining whether plaintiff's alleged conduct was discriminatory or harassing on the basis of the patient's race, color, national origin, and/or gender. Therefore, a causal nexus exists between plaintiff's claim of breach of an employment contract and defendants' investigation of a patient

NO\15951\55478\280441.v1-1/10/20

complaint under federal direction, which investigation ultimately resulted in plaintiff's termination.

18.

LCMC Health and LCMC Anesthesia were, at all times relevant to plaintiff's claims, acting under color of federal authority and direction. Since the four factors required by the Fifth Circuit for federal officer removal are satisfied, this Court has jurisdiction over this removed action pursuant to 28 U.S.C. § 1442(a)(1).

19.

This Notice of Removal is being filed within thirty (30) days of defendants' receipt of the initial pleading and, therefore, has been timely filed pursuant to 28 U.S.C. § 1446(b).

20.

Foto, LCMC Health, and LCMC Anesthesia are the only defendants named in plaintiff's Petition for Damages. Therefore, all named defendants who have been served with plaintiff's Petition for Damages have joined in this Notice of Removal.

21.

The state court action is pending in the 24th Judicial District Court for the Parish of Jefferson, and as such, the United States District Court for the Eastern District of

NO:\15951\55478\280441.v1-1/10/20

Louisiana is the appropriate district and division within which such action is pending pursuant to 28 U.S.C. §§ 1441(a) and 1446(a).

22.

In accordance with 28 U.S.C. § 1446(d), a copy of the Notice of Filing of Removal will be promptly filed with the Clerk of Court for the 24th Judicial District Court for the Parish of Jefferson.

23.

By filing this Notice of Removal, Defendants neither intend to, nor do they, waive any defenses applicable to this action.

**WHEREFORE**, defendants Tara Foto, Louisiana Children's Medical Center d/b/a LCMC Health, and Children's Hospital Anesthesia Corp. d/b/a LCMC Anesthesia Corp., pray that further proceedings in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, be terminated and that this suit be removed henceforth to the United States District Court for the Eastern District of Louisiana. Attached hereto as Exhibit A, *in globo,* is a complete copy of all pleadings currently filed in the court record of this action in the 24th Judicial District Court for the Parish of Jefferson.

NO\15951\55478\280441.v1-1/10/20

Respectfully submitted,

 /s/ *Peter J. Butler, Jr.*

Peter J. Butler, Jr. (Bar #18522)

Richard G. Passler (Bar #21006)

Matthew M. McCluer (Bar #33970)

**BREAZEALE, SACHSE & WILSON, L.L.P.**

909 Poydras Street, Suite 1500

New Orleans, Louisiana 70112

Telephone: (504) 584-5454

Facsimile:  (504) 584-5452

*Counsel for Tara Foto, Louisiana Children's Medical Center d/b/a LCMC Health, and Children's Hospital Anesthesia Corp. d/b/a LCMC Anesthesia Corp.*